```
                    LODGED
            CLERK, U.S. DISTRICT COURT
              10/21/2025
            CENTRAL DISTRICT OF CALIFORNIA
            BY:     RYO        DEPTUTY
```

1  BILAL A. ESSAYLI
   Acting United States Attorney
2  ALEXANDER SCHWAB
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   SHAWN T. ANDREWS (Cal. Bar No. 319565)
4  Assistant United States Attorney
   Deputy Chief, General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:    (213) 894-6104
7       Facsimile:    (213) 894-0141
        Email:        shawn.andrews@usdoj.gov
8

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10

```
              FILED
      CLERK, U.S. DISTRICT COURT
         10/21/2025
  CENTRAL DISTRICT OF CALIFORNIA
  BY:      clee       DEPUTY
```

11                   UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,        No. 2:25-mj-06539-DUTY

14            Plaintiff,             GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
15            v.

16  CARLITOS RICARDO PARIAS,

17            Defendant.

18

19       Plaintiff, United States of America, by and through its counsel
20  of record, hereby requests detention of defendant and gives notice of
21  the following material factors:
22  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
23          following grounds:
24     ☐  a.   present offense committed while defendant was on release
25             pending (felony trial),
26     ☐  b.   defendant is an alien not lawfully admitted for
27             permanent residence; and
28

  ☐ c. defendant may flee; or
  ☐ d. pose a danger to another or the community.
☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:
  ☒ a. the appearance of the defendant as required;
  ☒ b. safety of any other person and the community.
☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
  ☐ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;
  ☐ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.
☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):
  ☐ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
  ☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
  ☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2   |     |     | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3   |     |     | to community and flight risk); |
| 4   | ☐   | d.  | defendant currently charged with an offense described |
| 5   |     |     | in paragraph 5a - 5e below, AND defendant was |
| 6   |     |     | previously convicted of an offense described in |
| 7   |     |     | paragraph 5a - 5e below (whether Federal or |
| 8   |     |     | State/local), AND that previous offense was committed |
| 9   |     |     | while defendant was on release pending trial, AND the |
| 10  |     |     | current offense was committed within five years of |
| 11  |     |     | conviction or release from prison on the above- |
| 12  |     |     | described previous conviction (presumption of danger to |
| 13  |     |     | community). |
| 14  | ☒   | 5.  | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15  |     |     | If the Case Involves: |
| 16  | ☐   | a.  | a crime of violence (as defined in 18 U.S.C. |
| 17  |     |     | § 3156(a)(4)) or Federal crime of terrorism (as defined |
| 18  |     |     | in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum |
| 19  |     |     | sentence is 10 years' imprisonment or more; |
| 20  | ☐   | b.  | an offense for which maximum sentence is life |
| 21  |     |     | imprisonment or death; |
| 22  | ☐   | c.  | Title 21 or MDLEA offense for which maximum sentence is |
| 23  |     |     | 10 years' imprisonment or more; |
| 24  | ☐   | d.  | any felony if defendant has two or more convictions for |
| 25  |     |     | a crime set forth in a-c above or for an offense under |
| 26  |     |     | state or local law that would qualify under a, b, or c |

|   |   |   |   |
|---|---|---|---|
| | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| | ☒ | f. | serious risk defendant will flee; |
| | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

☐ 6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐ 7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: October 21, 2025          Respectfully submitted,

                                 BILAL A. ESSAYLI
                                 Acting United States Attorney

                                 ALEXANDER SCHWAB
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                  /s/
                                 _____
                                 SHAWN T. ANDREWS
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA